OPINION
David D. Rose appeals from a summary judgment of dismissal of his petition for post-conviction relief entered December 1, 1999. The petition for post-conviction relief, filed pursuant to R.C.2953.21 et seq., was filed April 7, 1999.
A brief review of the history of this case will be helpful in explaining our disposition of this appeal.
Rose was indicted February 8, 1996, on a charge of a fourth degree felony domestic violence. The indictment specified that Rose had previously been convicted of domestic violence and further specified that he caused physical harm to Starla Rose, the victim of the domestic violence charged in the indictment. On or about April 15, 1996, Rose pleaded guilty as charged in the indictment. On May 2, 1996, Rose appeared before the court for sentencing and received a sentence of 2 1/2 to 5 years. The sentence was suspended, and Rose was placed on probation for a period not to exceed 5 years. The termination entry reflecting the suspended sentence and placement upon probation was filed May 28, 1996. On March 5, 1998, the trial court revoked Rose's probation on account of his having violated the conditions of probation and reimposed the sentence of 2 1/2 to 5 years. On April 7, 1999, Rose filed his petition for post-conviction relief which was ultimately dismissed by summary judgment of dismissal thus precipitating this appeal.
In his brief of March 20, 2000, Rose advances four assignments of error. We permitted Rose to advance an additional assignment of error as attached to his request to submit same dated April 10, 2000.
Upon review of the record and Rose's petition for post-conviction relief, we conclude that we need not reach the merits of Rose's assignments of error. In essence, he complains that his plea of guilty was involuntary due to ineffective assistance of counsel and police misconduct. Rose's grievances are directed at events leading up to his guilty plea. Whatever facts which, if true, would support these contentions were in existence prior to the time that Rose entered his plea of guilty. The termination entry memorializing the suspended sentence of 2 1/2 — 5 years and placement upon probation for 5 years pursuant to that plea of guilty was filed May 28, 1996.
R.C. 2953.23(A) provides as follows:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Pursuant to R.C. 2953.21(A)(2), any petition for post-conviction relief should have been filed no later than 180 days after the expiration of the time for filing an appeal from the judgment reflected in the termination entry of May 28, 1996. Rose's petition for post-conviction relief was filed well beyond that time limit and, accordingly, could have been rejected outright by the trial court pursuant to R.C. 2953.23(A) given the absence of any of the exceptions to the deadline contained in that section. There is no showing in the record of these proceedings of anything that would trigger an exception to the deadline prescribed in R.C. 2953.21(A).
Accordingly, the summary judgment of dismissal of Rose's petition for post-conviction relief will be affirmed.
FAIN, J. and YOUNG, J., concur.